IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE, COMPANY, | : | 1:09-cv-457 |
| Appellant, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, | : | |
| Appellee. | : | |

## MEMORANDUM

### October 21, 2009

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is Appellant Selective Way Insurance Company's ("Appellant" or "Selective") Appeal from a February 5, 2009 Order of the United States Bankruptcy Court of the Middle District of Pennsylvania. (Doc. 1). For the reasons that follow, the Appeal shall be denied.

### I.    STANDARD OF REVIEW

Jurisdiction over the instant bankruptcy appeal is premised upon 28 U.S.C. § 158(a)(1). "[F]indings of fact made by the bankruptcy court may be reversed only for clear error." *In re NelsonCo.*, 959 F.2d 1260, 1263 (3d Cir. 1992) (citations omitted). However, legal questions and conclusions are subject to

plenary, *de novo* review. *Id.* See also *In re O'Brien Envtl. Energy Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## II. PROCEDURAL HISTORY

On January 29, 2008, the Debtor, Crider Excavating, Inc. ("Crider Excavating") filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Pennsylvania. That case was docketed at 1:08-bk-00262 and was assigned to the Honorable Mary D. France, United States Bankruptcy Judge.

On July 11, 2008, Appellant John Deere Construction & Forestry Company ("John Deere") commenced an adversary proceeding, docketed at 1:08-cv-00105 John Deere sought a declaration that the cancellation of Crider Excavating's insurance policy with Selective was in violation of the automatic stay of bankruptcy and compelling Selective to pay John Deere under the insurance policy for collateral that was destroyed.

On August 22, 2008, Selective filed an Answer to John Deere's Complaint. Thereafter, on December 22, 2008, Selective filed a Motion for Summary Judgment. On December 23, 2008, John Deere filed a cross-Motion for Summary Judgment.

Judge France held a hearing on the parties' cross-motions. Following the

hearing, Judge France entered an Order granting John Deere's Motion for Summary Judgment, in part.[1] That Order stated:

> The court finds that the insurance policy issued by Defendant [Selective] insuring Plaintiff's [John Deere] collateral was property of the Debtor's [Crider] estate on the date the policy was cancelled and, therefore, said action by Defendant was in violation of the automatic stay and is void. Plaintiff's request that the Court direct that the proceeds of the insurance policy be paid to Plaintiff is DENIED without prejudice.

Order, February 5, 2009. (M.D. Pa. Bankr. Docket No. 21). On the record at the hearing, Judge France further explicated the grounds for her grant of summary judgment to John Deere, stating that the bankruptcy case had been converted from Chapter 11 to Chapter 7 on March 28, 2008, and that the debtor's insurance policy could not have been cancelled thereafter without the consent of the Chapter 7 trustee. *See* Transcript (M.D. Pa. Bankr. Docket No. 29) at pp. 18-19, 21-22.

On February 17, 2009, Selective filed a Notice of Appeal. The parties have fully briefed the Appeal, and it is therefore ripe for our review.

### III. FACTUAL BACKGROUND

On June 7, 2005, John Deere loaned Crider Excavating and Richard and Donna M. Crider $97,297.00 (the "Loan") to purchase a John Deere crawler dozer

---

[1] Judge France also denied Selective's Motion for Summary Judgment in the February 5, 2009 Order.

3

(model 650J, i.d. no. T0650JX103049)(the "Collateral") from Plasterer Equipment Company, Inc. Immediately following the purchase, Crider Excavating and the Criders executed a loan contract - security agreement (the "Loan Agreement") evidencing the Loan and granting John Deere a purchase money security interest in the Collateral.

On January 29, 2008, Crider Excavating filed a voluntary Chapter 11 Bankruptcy Petition, docketed at No. 1:08-bk-262 in the Bankruptcy Court for the Middle District of Pennsylvania. On February 15, 2008, the Crider Group, Inc. (A separately incorporated entity from Crider Excavating) obtained a general liability insurance policy, policy number S1845713, (the "Policy") from Selective's agent, Knoll Insurance Agency ("Knoll Insurance") on behalf of Crider Excavating and several other separate corporations run by Crider family members. The named insured under the Policy was "Crider Group, Inc. DBA Crider E."

The total premium for the Policy was $24,603.00. The premium was never paid to Selective or Knoll Insurance.

On or about February 15, 2008, Selective, by its agent Knoll Insurance, was informed that Crider Excavating had filed for bankruptcy protection. Thereafter, on or about February 25, 2008, the Collateral was stolen. On March 20, 2008, John Deere was added as a loss payee under the Policy as a result of its lien

against the Collateral.

On March 28, 2008, the underlying bankruptcy case was converted by the Bankruptcy Court from a Chapter 11 to a Chapter 3.

On or about April 2, 2008, John Deere, by and through counsel, notified Selective, by and through its agent Knoll Insurance, of the loss of the Collateral.

On or about April 15, 2008, Justin Crider, Vice-President of Operations for Crider Group, met with agent Stacey Koellner at Knoll Insurances' office. Crider executed a Cancellation Request/Policy Release cancelling the Policy retroactively, to February 15, 2008. The Cancellation Request was executed on behalf of "Crider Group, Inc."

On or about April 18, 2008, John Deere, by and through counsel, filed a formal claim for the loss of the Collateral by telephone. On or about May 20, 2008, by letter to John Deere's counsel, Selective denied John Deere's claim with regard to the loss of the Collateral, stating that the Policy had been cancelled retroactively.

## IV. DISCUSSION

### A. Statement of Issue on Appeal

The issue on appeal before this Court is whether Judge France correctly held that the cancellation of the Policy on or about April 15, 2008 was invalid, and

5

thus whether Judge France's grant of summary judgment to John Deere should be sustained. Based on our review of this matter, we reach the same conclusion as Judge France, and shall affirm the Bankruptcy Court's February 5, 2009 Order, for the reasons set forth below.

### B.  Analysis of Issue on Appeal

The automatic stay that operates in bankruptcy matters pursuant to 11 U.S.C. § 362(a) prohibits a party from taking any action to obtain possession of or exercise control over property of the debtor's bankruptcy estate, which includes post-petition property obtained under 11 U.S.C. § 541(a)(7). It is well-established that actions taken in violating of the automatic stay are void as a matter of law. *In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007)("[I]t is well-established in this Circuit that actions taken in violation of the automatic stay, however innocently, are void *ab initio* and it is required that any judgment or other court action taken in violation of the stay must be set aside." (citations omitted)).

The thrust of Selective's argument is that the Policy was a post-petition contract, and thus is not subject to the automatic stay. Underlying this argument is the theory that contracts which are entered into after the bankruptcy petition is filed are not part of the debtor's estate at the commencement of the case. While on its face, this position has arguable merit, a full review of the procedural history

of this matter in light of applicable bankruptcy jurisprudence reveals that it is unavailing.

To be sure, Crider's Chapter 11 petition was filed in January of 2008 and the Policy was secured *after* the petition's filing, in February of 2008. However, the important procedural fact that Selective ignores is that the Crider bankruptcy was converted from a Chapter 11 to a Chapter 7 on March 28, 2009. As of that date, a Chapter 7 Trustee was appointed and acquired full control over the assets of the debtor's bankruptcy estate. At the time the Chapter 7 trustee was appointed, we find that the Policy was part of the estate, and the trustee was "vested with title to all of [Crider's] property, including insurance policies and rights of action arising under them." *Hanover Insurance Company v. Tyco Industries, Inc.*, 500 F.2d 654, 657 (3d Cir. 1974).

Crider's cancellation of the policy occurred on April 15, 2008, a few weeks *after* the appointment of the Chapter 7 trustee. Accordingly, we find that only the Chapter 7 trustee, not Crider, had the authority to cancel the Policy on that date. Therefore, Crider's cancellation of the Policy was invalid as it was in violation of the automatic stay. Our decision is further buttressed by the fact that prior to the attempted retroactive cancellation of the Policy, Selective had knowledge, either actual or imputed through its agent Knoll Insurance, of Crider's bankruptcy, as

well as the loss of the Collateral.

The judgment of the Bankruptcy Court shall be affirmed. An appropriate Order shall issue.